United States District Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-21-1618 |
| § | |
| MEGA INTERESTS TOWING, LTD., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff United States of America's ("the United States") motion for default judgment. Dkt. 16. After reviewing the pleadings and applicable law, the court is of the opinion that the motion should be granted.

### LEGAL STANDARD

Under Rule 55, courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Thus, a plaintiff is not entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, a default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs. Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotations and citations omitted). The well-pleaded allegations in the complaint are

assumed to be true, except those regarding damages. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## DISCUSSION

The United States filed this case on May 14, 2021, and properly served defendant Mega Interests Towing, Ltd., ("Mega") with its complaint, a summons, and this court's scheduling order on August 27, 2021. Dkt. 12, Ex. 1 at 1. Accordingly, Mega's answer—or some other responsive pleading—was due on September 17, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Mega has not answered, filed a Rule 12(b) motion, or otherwise made an appearance. By failing to answer or otherwise respond to the complaint, Mega has admitted the complaint's well-pleaded allegations. *See Nishimatsu*, 515 F.2d at 1206. Therefore, entry of default is appropriate.

The court next turns to whether entry of default judgment is appropriate. Three inquiries weigh on that consideration: (1) whether the entry of default judgment is procedurally warranted; (2) whether the substantive merits of the plaintiff's claim as stated in the complaint provide a sufficient basis for default judgment; and (3) whether and what relief the plaintiff should receive. *Neutral Gray Music v. Tri-City Funding & Mgmt. LLC.*, 4:19-CV-04230, 2021 WL 1521592, at *2–3 (S.D. Tex. Mar. 30, 2021).

### A. A default judgment is procedurally warranted.

In determining whether entry of a default judgment is procedurally appropriate, courts look to six factors:

1. Whether material issues of fact are in dispute;

2. Whether there has been substantial prejudice to the plaintiff;

3. Whether the grounds for default are clearly established;

4. Whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;

5. Whether the default judgment is inappropriately harsh under the circumstances; and

6. Whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Wright & Miller, *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Each factor weighs in favor of the United States. First, the complaint's allegations are assumed to be true. *See Nishimatsu*, 515 F.2d at 1206. Second, the complaint's factual allegations evidence the United States' significant financial injury: Mega withheld income and Federal Insurance Contributions Act ("FICA") taxes and incurred certain penalties, in the amount of $470,057.15. Dkt. 1 at 2–4. Third, the grounds for default are established. The United States alleges that despite receiving notice and a payment demand from a delegate of the Secretary of the Treasury, Mega has not paid its balance. *Id.* at 4. Mega's failure to respond has effectively impeded the United States' ability to recover, prejudicing it further. Fourth, there is no evidence to suggest that Mega's failure to respond was caused by a good-faith mistake or excusable neglect. The United States served Mega through alternative process with the summons, complaint, and the court's order for conference on August 27, 2021. Dkt. 12. The court found alternative process necessary only after Mega's purported counsel declined to waive service under Federal Rule of Civil Procedure 4(d)(1)(F) and the United States' five attempts to personally serve Mega's registered agent and sole owner proved unsuccessful. *See* Dkts. 11, 10. The United States filed the instant motion for default judgment on October 8, 2021, and served it on Mega via U.S. mail that same day. Dkt. 16 at 9. Over two months later, Mega has yet to respond. Fifth, Mega's

failure to respond to the United States' complaint seven months after it was filed underscores that entering default judgment is not too harsh under the circumstances. *See* Dkt. 1. Sixth, and finally, there is nothing on the face of the record that would lead the court to vacate a default judgment were Mega to challenge it later. Therefore, a default judgment is procedurally warranted.

### B. A default judgment is substantively warranted

In determining whether entry of a default judgment is substantively warranted, courts ask whether the complaint satisfies Rule 8's "short and plain statement" requirement. *See* Fed. R. Civ. P. 8(a)(2); *Wooten*, 788 F.3d at 497–98. Though Rule 8 does not demand "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

The complaint's factual allegations are sufficient to satisfy this low bar. The United States alleges that: (1) Mega failed to pay its employment tax liabilities for the quarterly tax periods ending March 31, 2008, through September 30, 2009, and the quarterly tax periods ending from March 31, 2010, through June 30, 2010; (2) the Secretary of the Treasury provided Mega both notice of its failure to pay and a payment demand; and (3) Mega has yet to pay its taxes. *See* Dkt. 1. Therefore, a default judgment is substantively warranted.

### C. Appropriate Remedies

The United States requests damages in the amount of $475,067.32, plus interest that continues to accrue subsequent to September 30, 2021.[1] Dkt. 16 at 4. The United States also requests prejudgment and post-judgment interest pursuant to 26 U.S.C. §§ 6601, 6621–22, and 28 U.S.C. § 1961(c). *Id.* at 8.

---

[1] This amount reflects the amount Mega owes as of September 30, 2021, and includes penalties and accrued interest. *See* Dkt. 16, Ex. 11 at 2.

Rule 55(b)(2) provides for a hearing for an accounting or to determine the damages owed to the moving party. Ordinarily, the court may not award damages upon default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v Freeman*, 605 F2d 854, 857 (5th Cir. 1979). However, where the requested damages can be "determined with certainty" from the pleadings and supporting documents, and a hearing would reveal no pertinent information, the court need not "jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993).

The United States has included affidavits and government records detailing Mega's tax liabilities with certainty and precision. *See* Dkt. 16, Exs. 1–11. These documents include the declaration of Revenue Officer Yvette Parish and Certifications of Assessments Payments and Other Specified Matters ("Forms 4340"). *See id.* The Form 4340 documents are self-authenticating and admissible. *See* Fed. R. Evid. 902(1)(A); *United States v. Filson*, 347 F. App'x 987, 990 (5th Cir. 2009) ("Forms 4340 constitute valid evidence of a taxpayer's assessed liabilities…and have been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption.") (cleaned up). Accordingly, the court finds that holding a hearing to determine the damages Mega owes to the United States is unnecessary. *See James*, 6 F.3d at 310–11.

Accordingly, it is ORDERED that plaintiff United States' motion for default judgment (Dkt. 16) is GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter the default of defendant Mega Interests Towing, Ltd.

IT IS FURTHER ORDERED that DEFAULT JUDGMENT is ENTERED in favor of plaintiff United States and against defendant Mega Interests Towing, Ltd., pursuant to Federal Rule of Civil Procedure 55(b)(2).

IT IS FURTHER ORDERED that plaintiff United States is AWARDED final judgment in its favor and against defendant Mega Interests Towing, Ltd., that it is liable to the United States for employment tax liabilities for the quarterly tax periods ending March 31, 2008, through September 30, 2009, and the quarterly tax periods ending from March 31, 2010, through June 30, 2010 in the amount of $475,067.32 as of September 30, 2021, plus statutory additions, including prejudgment and post-judgment interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continues to accrue until paid.

A separate final judgment will issue in accordance with this order.

Signed at Houston, Texas on December 21, 2021.

Gray H. Miller
Senior United States District Judge